IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JIMMY SCALES,

                              Plaintiff,

      v.

LUCAS WEBER, MICHAEL DITTMAN
and JIM SCHWOCHERT,

                              Defendants.

OPINION AND ORDER

18-cv-889-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Jimmy Scales has filed this proposed civil action under 42 U.S.C. § 1983, alleging that defendants placed him in administrative confinement at Columbia Correctional Institution for an unspecified period after he reported threats made against him and requested a single cell for his own safety, in violation of his right to free speech under the First Amendment, his right to due process under the Fourteenth Amendment, his right to be free from cruel and unusual punishment under the Eighth Amendment, and Wisconsin state negligence law. Accompanying plaintiff's complaint is a motion for a preliminary injunction in which he asks for a court order enjoining defendants from keeping him in administrative confinement and requiring defendants to transfer him to the Dodge Correctional Institution because he faces an imminent risk of harm from other inmates at Columbia. Dkt. #2. Because plaintiff is incarcerated, his complaint must be screened under 28 U.S.C. § 1915A.

      After reviewing the complaint, I conclude that plaintiff has failed to state a federal

1

claim upon which relief may be granted. I also decline to exercise supplemental jurisdiction over plaintiff's proposed state law claims in accordance with 28 U.S.C. § 1367(c)(3) and am denying plaintiff's motion for a preliminary injunction. Accordingly, I will dismiss this case.

Plaintiff alleges the following facts in his complaint.

ALLEGATIONS OF FACT

Plaintiff Jimmy Scales is currently incarcerated at the Waupun Correctional Institution, but all of the events at issue in his complaint occurred while he was incarcerated at the Columbia Correctional Institution in 2018. (On October 24, 2018, the court learned in a separate case (18-cv-866-bbc) that plaintiff had been transferred to Waupun.) Defendant Michael Dittman is the warden of Columbia and defendant Lucas Weber is the security director at Columbia. Defendant Jim Schwochert is the administrator of the Department of Adult Institutions.

On March 30, 2017, plaintiff was issued a conduct report for assaulting another inmate, Perry Johnson. Johnson previously had threatened to assault plaintiff because plaintiff had "snitched" on the co-defendants in his underlying criminal prosecution. Plaintiff admits that he hid in the shower and attacked Johnson before Johnson had an opportunity to attack him. Plaintiff was given 360 days of disciplinary separation as punishment for his attack. (Although it is not clear from plaintiff's allegations, I assume that his disciplinary sentence ended on March 30, 2018. Plaintiff is not challenging this sentence in his current lawsuit.)

2

While plaintiff was in segregation, he overheard other inmates planning to retaliate against him for the attack on Johnson. Plaintiff alerted security staff several times, and an investigation revealed that he was in danger. Plaintiff wrote to defendant Weber, asking to be housed in a single cell. Weber did not respond to plaintiff but forwarded the request to the unit manager, Lindsay Walker, who assured plaintiff that he would receive a single cell. Plaintiff assumed that this meant that he would be placed in a single cell after being transferred to general population.

When he did not hear anything more about the single cell, plaintiff filed an inmate complaint with Weber. Another officer responded that the issue would be discussed after plaintiff had completed his disciplinary sentence. Walker told plaintiff that Weber had placed him on "administrative confinement tracking" because plaintiff had requested a single cell. (Plaintiff does not explain what administrative confinement tracking is, but Wis. Admin. Code DOC § 308.04 defines "administrative confinement" as "an involuntary nonpunitive status for the segregated confinement of an inmate whose continued presence in general population poses a serious threat to life, property, self, staff, or other inmates, or to the security or orderly running of the institution.") Plaintiff sent information requests to defendant Dittman about Weber's decision, but Dittman did not respond.

Following a hearing, plaintiff was placed on administrative confinement. (Plaintiff does not say when this occurred or how long he has been in restrictive housing.) Plaintiff appealed the decision to defendants Dittman and Schwochert, arguing that he did not fit the criteria for placement in administrative confinement because he had never had a fight while

3

in prison. On July 16, 2018, plaintiff learned from the captain who had investigated the threats against him that an inmate at the Wisconsin Secure Program Facility, where plaintiff had been housed before his transfer to Columbia, had placed a "hit" on him for being a "snitch" or informant.

OPINION

Plaintiff alleges that defendants wrongly placed him in administrative confinement after he reported threats made against him and requested a single cell for his own safety, in violation of his right to free speech under the First Amendment, his right to due process under the Fourteenth Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment. I discuss each legal theory below and then address plaintiff's request for a preliminary injunction.

### A. First Amendment Retaliation

Plaintiff alleges that defendant Weber recommended that he be placed in administrative confinement, and defendants Dittman and Schwochert upheld that decision, because he reported that other inmates made threats against him and he requested a single cell. To prevail on a First Amendment retaliation claim, a plaintiff must prove three things: (1) he was engaging in activity protected by the Constitution; (2) the defendant's conduct was sufficiently adverse to deter a person of "ordinary firmness" from engaging in the protected activity in the future; and (3) the defendant subjected the plaintiff to adverse

treatment because of the plaintiff's constitutionally protected activity. Gomez v. Randle, 680 F.3d 859, 866-67 (7th Cir. 2012); Bridges v. Gilbert, 557 F.3d 541, 555-56 (7th Cir. 2009).

Plaintiff's allegations are sufficient to satisfy the first requirement because a prisoner's right to file a grievance or complain about prison conditions has been recognized as a constitutionally protected activity. Hoskins v. Lenear, 395 F.3d 372, 375 (7th Cir. 2005). However, plaintiff's allegations do not suggest that defendants' conduct subjected plaintiff to adverse treatment or that they acted with a retaliatory motive.

Plaintiff alleges that he notified prison staff, including defendants, of the threats he had received from other inmates and asked to be placed in a single cell, and that defendant Weber placed him on "administrative confinement tracking" because of those threats. (Plaintiff does not say who was responsible for making the decision to place him in administrative confinement or who conducted the hearing that led to that decision, but I will assume that Weber had some role in both matters.) I understand that plaintiff disagrees with the action taken by Weber and believes that he should have been placed in a single cell in the general population or transferred to another prison. However, plaintiff cannot state a constitutional claim for First Amendment retaliation simply because defendants failed to provide him with the specific relief that he requested.

Plaintiff's allegations do not suggest that Weber punished plaintiff by placing him in administrative confinement. Plaintiff admits that he physically assaulted Johnson in the shower and that Johnson and his allies were seeking retribution for both actions. He also

alleges that when he asked for protection, Weber took his concerns seriously.

Wis. Admin. Code DOC § 308.04(2) specifically provides that an inmate may be placed in administrative confinement if his "presence in the general population poses a substantial risk" to himself, another person or institution security, or if his "activity gives a staff member reason to believe that the inmate's continued presence in general population will result in a riot or a disturbance." The Court of Appeals for the Seventh Circuit has recognized that administrative confinement is an ordinary incident of prison life and that it is "imposed for administrative, protective, or investigative purposes." Townsend v. Fuchs, 522 F.3d 765, 771 (7th Cir. 2008); see also Lekas v. Briley, 405 F.3d 602, 609 (7th Cir. 2005) ("[I]n every state's prison system, any member of the general prison population is subject, without remedy, to assignment to administrative segregation or protective custody at the sole discretion of prison officials."). Without more, plaintiff's allegations do not suggest that Weber acted with a retaliatory motive in recommending plaintiff for administrative confinement. Turley v. Rednour, 555 Fed. Appx. 606, 610 (7th Cir. 2014) (plaintiff's involuntary placement in protective custody was not retaliation for his filing of grievances because defendants did nothing other than accommodate plaintiff's request for protection).

In addition, plaintiff does not allege that defendants Dittman and Schwochert were personally involved in the decision to place him in administrative confinement apart from rejecting plaintiff's appeals of the hearing decision. "Only persons who cause or participate in the violations are responsible," and "[r]uling against a prisoner on an administrative

6

complaint does not cause or contribute to the violation." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (internal citations omitted). In addition, prison officials are under no obligation to provide an effective grievance procedure, or for that matter, any grievance system at all. Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of Owens's grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Accordingly, I conclude that plaintiff has failed to state a claim upon which relief may be granted under the First Amendment.

B. Due Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protections must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). An inmate may have a liberty interest in avoiding administrative segregation "if the more restrictive conditions [of segregation] are particularly harsh compared to ordinary prison life or if he remains subject to those conditions for a significantly long time." Earl v. Racine County Jail, 718 F.3d 689, 691 (7th Cir. 2013). See also Sandin v. Conner, 515 U.S. 472, 483-484 (1995) (cognizable liberty interests "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); Marion v. Columbia Correctional Institution, 559 F.3d 693, 698 (7th Cir. 2009) (court must consider both length of confinement and severity of conditions in

7

determining whether liberty interest is at stake). In addition to a protected liberty interest, a prisoner challenging the process afforded in a prison disciplinary proceeding must show that the procedures were constitutionally deficient. Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Marion, 559 F.3d at 697. Inmates facing transfer to a more-restrictive prison setting are entitled only to informal, nonadversarial procedural safeguards that include notice of the charges or reasons for the placement, adequate time for the inmate to prepare and an opportunity for the inmate to be heard. Wilkinson, 545 U.S. at 228-29; Gibson v. Pollard, 610 Fed. Appx. 571, 573-74 (7th Cir. 2015); Westefer v. Snyder, 422 F.3d 570, 590 (7th Cir. 2005).

Plaintiff does not allege how long he remained in administrative confinement at Columbia, but I can infer from the allegations in his complaint that he was placed in administrative confinement after being released from disciplinary segregation at the end of March 2018 until he was transferred to Waupun sometime around October 2018, which is a little over six months. He did not describe the conditions of his administrative confinement or allege that they were unusually harsh. Because the Court of Appeals for the Seventh Circuit has held that six months in segregation is insufficient by itself to rise to level of Fourteenth Amendment violation, it is unlikely that plaintiff has a protected liberty interest. Hardaway v. Meyerhoff, 734 F.3d 740, 744 (7th Cir. 2013) (six months and one day insufficient to trigger due process rights); Marion, 559 F.3d at 698 ("[S]ix months of segregation is not such an extreme term and, standing alone, would not trigger due process rights."). However, even assuming that plaintiff had a liberty interest in avoiding

8

administrative confinement in this case, his allegations are not sufficient to suggest that he was denied due process when he was placed in administrative confinement.

Plaintiff alleges that he received advanced notice of the rationale for the decision and a hearing, and he does not allege that any of the procedures associated with the notice and hearing were deficient. Rather, he alleges that prison staff reached an incorrect decision and that he never should have been placed in administrative confinement in the first place because he is the one who was threatened. Wis. Admin. Code DOC § 308.04(2) specifically provides that an inmate may be placed in administrative confinement if his "presence in the general population poses a substantial risk" to himself, another person or institution security, or if his "activity gives a staff member reason to believe that the inmate's continued presence in general population will result in a riot or a disturbance." Further, reaching an incorrect conclusion, relying on inaccurate information or falsely accusing a prisoner of an offense does not in itself violate the constitution because "even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." Lagerstrom v. Kingston, 463 F.3d 621, 624-25 (7th Cir. 2006) (internal quotations omitted). See also McPherson v. McBride, 188 F.3d 784, 786-87 (7th Cir. 1999) ("[W]e will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent."). Accordingly, plaintiff has failed to state a claim upon which relief may be granted under the due process clause.

C. Eighth Amendment

I also understand plaintiff to be alleging that his placement in administrative confinement amounted to cruel and unusual punishment under the Eight Amendment. To state a claim that the conditions of administrative confinement violated his rights under the Eighth Amendment, a prisoner must allege facts suggesting that: (1) the conditions of confinement deny the inmate "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981), or create an excessive risk to the inmate's health and safety; and (2) defendants have a sufficiently culpable state of mind. Isby v. Brown, 856 F.3d 508, 521 (7th Cir. 2017) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Only "extreme deprivations . . . make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 8-9 (1992); McCree v. Sherrod, 408 Fed. Appx. 990, 992 (7th Cir. 2011) (citing Hudson and noting that discomfort is part of penalty inmates pay for their offenses). Although "prolonged confinement in administrative segregation may constitute a violation of the Eighth Amendment . . . depending on the duration and nature of the segregation and whether there were feasible alternatives to that confinement," merely placing a prisoner in segregation is not enough to give rise to an Eighth Amendment violation. Rice ex rel. Rice v. Correctional Medical Services, 675 F.3d 650, 666 (7th Cir. 2012) (citing Walker v. Shansky, 28 F.3d 666, 673 (7th Cir. 1994)). Rather, an inmate must allege that conditions in segregation deprived him of the minimal necessities of life or posed a substantial risk of serious harm. Sanville v. McCaughtry, 266 F.3d 724, 733 (7th Cir. 2001).

Plaintiff's Eighth Amendment claim fails for similar reasons as his due process claim.

As discussed above, plaintiff does not allege that he experienced any unusually harsh conditions during the little over six months that he spent in administrative confinement. Further, plaintiff's allegations are not sufficient to suggest that any of the defendants acted with deliberate indifference to any substantial risk of serious harm to plaintiff's health or safety. His suggestion that defendants placed him in administrative confinement based on inaccurate information or beliefs about his past conduct do not implicate the Eighth Amendment. Leslie v. Doyle, 125 F.3d 1132, 1135-37 (7th Cir. 1997) ("[A] frame-up or malicious prosecution is not an example of punishment in the sense of the Eighth Amendment."). See also Lagerstrom, 463 F.3d at 625 (citing Leslie for the proposition that "the Eighth Amendment provided no protection against" false conduct report). Accordingly, I conclude that plaintiff's allegations do not state a claim under the Eighth Amendment.

D. Remaining Issues

Accompanying plaintiff's complaint is a motion for a preliminary injunction and temporary restraining order, in which he asks the court to order defendants to release him from administrative confinement and transfer him to Dodge Correctional Institution. Dkt. #2. I am denying plaintiff's motion for two reasons.

First, plaintiff's motion does not comply with this court's procedures for obtaining a preliminary injunction, which require a party to submit admissible evidence in support of his proposed findings of fact. Second, even if I overlook plaintiff's failure to follow the procedures, plaintiff has failed to show that he is likely to succeed on the merits of his

proposed claims or that he is likely to suffer irreparable harm without the injunction, as is required to satisfy the high burden of obtaining injunctive relief. Judge v. Quinn, 612 F.3d 537, 546 (7th Cir. 2010) (citing Winter, 555 U.S. at 20). Although plaintiff alleges that he should not remain in administrative confinement, he does not allege any facts or adduce any evidence that he is facing any immediate harm. Further, plaintiff's request for injunctive relief appears to be moot because he is now housed in a different institution.

Finally, because plaintiff's complaint fails to state any federal claim upon which relief may be granted, I am declining to exercise supplemental jurisdiction over plaintiff's proposed state law claims in accordance with 28 U.S.C. § 1367(c)(3). I have not considered the state law claims for purposes of screening.

ORDER

IT IS ORDERED that this case is DISMISSED for plaintiff Jimmy Scales's failure to state a federal claim upon which relief may be granted. Plaintiff's motion for a preliminary injunction, dkt. #2, is DENIED. The clerk of court is directed to record a strike in accordance with 28 U.S.C. § 1915(g), enter judgment in favor of defendants and close this case.

Entered this 17th day of January, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge